IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAWAN R. DAVIS                                                                                          PETITIONER

VS.                                                            CIVIL ACTION NO. 2:17cv184-KS-FKB

PELICIA HALL                                                                                        RESPONDENT

## REPORT AND RECOMMENDATION

This cause is before the Court on Respondent's motion to dismiss the petition for writ of habeas corpus filed by Jawan R. Davis. Petitioner has failed to respond to the motion. Having considered the motion, the undersigned recommends that the motion be granted and that the petition be dismissed without prejudice.

On March 2, 2017, Davis pleaded guilty to second degree murder in the Circuit Court of Forrest County, Mississippi, and was sentenced a term of 30 years, with 20 to serve and five years of post-release supervision. The state represents in the motion to dismiss that Davis has sought no relief from the state court since his plea and sentence.[1] Instead, he filed the present petition pursuant to 28 U.S.C. § 2254. In the petition, he contends that the trial court erred in denying his motion to dismiss for violation of his right to a speedy trial.

Before federal habeas relief may be granted, a prisoner must exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is satisfied if the substance of the federal claims set forth in the habeas petition has been fairly presented to the state's highest court in a procedurally proper manner and the

---

[1] The undersigned's search of the general docket of the Supreme Court of Mississippi confirms that Davis has not presented his claims to that court.

state court has been given a fair opportunity to pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999). Davis has not met the exhaustion requirement because he has not yet presented his claims to the Mississippi Supreme Court in a procedurally proper manner.  For this reason, the undersigned recommends that Respondent's motion be granted and the petition be dismissed without prejudice so that Davis may pursue his state court remedies.[2]

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 23rd day of February, 2018.                ,

                                        s/ F. Keith Ball
                                        United States Magistrate Judge

---

[2] Davis is warned that he must be diligent in pursuing his state court remedies in order to avoid being time-barred in this court. Absent statutory or equitable tolling, Davis's one-year period for filing another § 2254 in this court will expire, at the latest, on April 3, 2018.